# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MIGUEL CHARLES JOYNER, | Case No. 1:15-cv-00472-BLW |
| Plaintiff, | **MEMORANDUM DECISION & ORDER** |
| v. | |
| SGT. B. CHRISTON, TERRIE ROSENTHAL, CLINTON E. BLAKE, JESSE HALL; SGT. MELODEE ARMFIELD; RANDY BLADES, and IDAHO DEPARTMENT OF CORRECTIONS, | |
| Defendants. | |

## INTRODUCTION

On November 13, 2018, this Court granted summary judgment in defendants' favor. Plaintiff Miguel Charles Joyner asks the Court to reconsider that ruling. *See* Dkt. 37. For the reasons explained below, the Court will deny the motion.

## LEGAL STANDARD

Plaintiffs's motion is captioned as a "*Motion Requesting Leave of the Court to File Objecting to Judge Winmill's Unauthorized Presiding in Plaintiff's Tort*

*Claim and to Reconsider Dismissal of Plaintiff's Tort Action.*" *See* Dkt. 37. The Court will construe the motion as one for reconsideration under Federal Rule of Civil Procedure 59.

Rule 59 is not intended to provide litigants with a "second bite at the apple." *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001). Instead, reconsideration of a final judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani,* 342 F.3d 934, 945 (9th Cir. 2003). A losing party cannot use a post-judgment motion to reconsider as a means of litigating old matters or presenting arguments that could have been raised before the entry of judgment. *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993). As a result, there are four limited grounds upon which a motion to alter or amend judgment may be granted: (1) the motion is necessary to correct manifest errors of law or fact; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in the law. *Turner v. Burlington N. Santa Fe R.R.,* 338 F.3d 1058, 1063 (9th Cir. 2003) (citation omitted).

## ANALYSIS

Mr. Joyner does not address these four limited grounds in his motion. Instead, he generally complains that the district court exhibited "extreme bias" in

failing to sanction defendants and otherwise failed to "completely address Plaintiff's exhibits/evidence presented showing his non-culpability in his claim before the Court." *Motion,* Dkt. 37, ¶¶ 3, 4.

These types of general, conclusory arguments do not satisfy the exacting legal standard described above. That is, Mr. Joyner has not identified a manifest error of law or fact; he has not come forward with newly discovered or previously unavailable evidence; he has not explained how his motion is necessary to prevent manifest injustice; and he has not identified an intervening change in the law. *See Turner*, 338 F.3d at 1063. The Court will therefore deny his motion for reconsideration.

Finally, the Court will address Mr. Joyner's assertion that the undersigned judge "lacked judicial authority to preside" in this case. *Motion,* Dkt. 37, ¶ 2. Here, Joyner points out that United States Magistrate Judge Ronald Bush signed earlier orders in this case, including a Successive Review Order, Dkt. 16, as well as an Order denying Plaintiff's Request to Disqualify Judge. *See Apr. 18, 2016 Order,* Dkt. 11, at 2. On November 16, 2017, however, this case was reassigned to the undersigned judge. *See Nov. 16, 2017 Order of Reassignment,* Dkt. 21. Joyner did not complain about the reassignment in 2017, when it occurred, nor could he have. United States Magistrate Judges cannot preside over civil cases unless all named parties consent, which they did not. Judge Bush was thus obligated to, and did,

reassign this case to an Article III judge. *See* Fed. R. Civ. P. 73; 28 U.S.C.

§ 636(c).

## ORDER

**IT IS ORDERED that**

(1) Plaintiff's motion, captioned as a *Motion Requesting Leave of the Court to File Objecting to Judge Winmill's Unauthorized Presiding in Plaintiff's Tort Claim and to Reconsider Dismissal of Plaintiff's Tort Action* (Dkt. 37), is **DENIED.**

(2) Plaintiff's identical motion (filed at Dkt. 38) is **DEEMED MOOT.**

DATED: April 15, 2019

B. Lynn Winmill
Chief Judge
United States District Court